IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TONY WAYNE MOORE,              )
                               )
        Plaintiff,             )
                               )
    v.                         )            CIVIL ACTION NO. 3:05-CV-215-F
                               )
TALLAPOOSA COUNTY JAIL, et al.,)
                               )
        Defendants.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a 42 U.S.C. § 1983 action in which the plaintiff, a county inmate, challenges

the conditions of confinement to which he is subjected in the Tallapoosa County Jail.

Upon review of the complaint, the court concludes that the plaintiff's claim against

the Tallapoosa County Jail and his allegation with respect to the derogatory reference made

by defendant Madson should be dismissed from this cause of action prior to service of

process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## DISCUSSION

### I.  The Tallapoosa County Jail

The plaintiff names the Tallapoosa County Jail as a defendant in this cause of action.

A county jail is not a legal entity subject to suit or liability under section 1983.  *Cf. Dean v.*

_____

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened
in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court
to dismiss a prisoner's civil action or any claim therein prior to service of process if it determines that the
complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary
damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Dockets.Justia.com

*Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes

that the plaintiff's claims against the Tallapoosa County Jail are due to be dismissed under

the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319 (1989).[2]

## II. The Derogatory Statement

The plaintiff complains that defendant Madson called him derogatory name. This

claim provides no basis for relief in the instant cause of action.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of

deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws

of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). The statement about which the

plaintiff complains, standing alone, does not violate the Constitution. *Cf. Paul v. Davis*, 424

U.S. 693 (1976). Threatening, derogatory or abusive comments made by jail personnel to

an inmate do not rise to the level of a constitutional violation. *See McFadden v. Lucas*, 713

F.2d 143 (5th Cir. 1983); *see also Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973). Thus,

the plaintiff's assertion fails to demonstrate that the statement of defendant Madson deprived

him of any protected right, privilege or immunity. Consequently, the claim asserted by the

plaintiff against this defendant with respect to her use of an inflammatory reference is

frivolous as it lacks an arguable basis in law and is therefore subject to summary dismissal

in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the
analysis contained therein remains applicable to the directives of the present statute.

U.S. 319, 327 (1989).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The plaintiff's claim against the Tallapoosa County Jail and his derogatory comment claim against defendant Madson be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.   The Tallapoosa County Jail be dismissed from this cause of action.

3.   The remaining claims for relief against defendants Duboise, Moss, Marshall and Madson be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that the parties shall file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of March, 2005.

_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

4