IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TONY WAYNE MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05-CV-215-F |
| ) | WO |
| ) | |
| TALLAPOOSA COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Tony Wayne Moore ["Moore"], a former county inmate, alleges violations of his constitutional rights during his confinement in the Tallapoosa County Jail. The plaintiff seeks only injunctive relief.

On April 18, 2005, the defendants filed a motion to dismiss in which they advise that Moore is no longer incarcerated in the Tallapoosa County Jail as "the Plaintiff was released on March 15, 2005 . . ." *Defendants' Motion to Dismiss* at 1. In light of the foregoing, the court entered an order allowing the plaintiff an opportunity to show cause why this cause of action should not be dismissed as moot. *See Order of April 21, 2005 - Court Doc. No. 12*. As of this date, the plaintiff has filed nothing in response to the aforementioned order.

Upon consideration of the pleadings filed in this case, the court concludes that the defendants' motion to dismiss is due to be granted and this case dismissed as the claims raised therein are moot.

**DISCUSSION**

The plaintiff contends that while incarcerated in the Tallapoosa County Jail the defendants denied him medial treatment and improperly opened his legal mail. He requests that the court order that the defendants "do inmate right . . ." *Plaintiff's Complaint* at 4. However, the documents filed in this case demonstrate that the plaintiff is no longer incarcerated at the Tallapoosa County Jail.

In light of the foregoing, the court concludes that the plaintiff's claims are moot and that this case is due to be dismissed. *See County of Los Angeles v. Davis*, 440 U.S. 625 (1979); *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985).

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion to dismiss be GRANTED.

2. This case be dismissed as moot.

It is further

ORDERED that on or before May 16, 2005, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of May, 2005.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE